Andrew Gerber (AG 0779)
Penelope Fisher-Birch (PFB 8019)

KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Plaintiff Susan Ghahremani*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| SUSAN GHAHREMANI, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| JO-ANN STORES, LLC and PURPLETHUM LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

_____

Plaintiff Susan Ghahremani, by her attorneys Kushnirsky Gerber PLLC, for her complaint against defendants Jo-Ann Stores, LLC ("Jo-Ann") and Purplethum LLC ("Purplethum") (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement brought by an independent artist against one of the largest fabric and craft retailers in the United States and one of its suppliers for the sale and display of fabrics featuring unauthorized and infringing copies of her original creation.

2. Ms. Ghahremani sells enamel pins, stationery, children's books, and other original products under the brand name Boygirlparty via her website located at boygirlparty.com. Best known for her whimsical and distinctive illustrations of animals, Ms. Ghahremani has a large and devoted base of fans and consumers around the world.

1

3. One of Ms. Ghahremani's original designs is shown below (the "Original Design").



4. Ms. Ghahremani sells enamel pins featuring the Original Design directly to consumers and through authorized licensees, as shown below.

 

5. Copyright management information in the form of the Boygirlparty trade name and the "©" copyright symbol appears prominently on the back of each pin, as shown below.



6. With 850 retail stores in 49 states, Defendant Jo-Ann is one of the largest fabric and craft retailers in the United States. Jo-Ann sells fabric and craft supplies in its stores and through its website, located at joann.com.

7. Defendant Purplethum is a fabric design and supply company that creates and sells fabric prints to retailers for production and resale.

8. Purplethum created a fabric design which features an infringing copy of the Original Design ("the Infringing Design"), as shown below.



9. Purplethum provided the Infringing Design to Jo-Ann to create fabric for Jo-Ann to sell directly to its customers.

10. Jo-Ann sells two different fabrics featuring the Infringing Design (the "Infringing Fabrics"), as shown below.

Cat Naps 59" Blizzard Fleece Fabric



I Love Cat Naps 42" Snuggle Flannel Fabric

4

11. Ms. Ghahremani asserts claims for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, *et seq.* (the "Copyright Act") and removal of copyright management information under the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.* (the "DMCA"). She seeks monetary damages, costs, and attorneys' fees.

## PARTIES, JURISDICTION, AND VENUE

12. This is an action for copyright infringement under the Copyright Act and removal of copyright management information under the DMCA. The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

13. The Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. §§ 301 and 302.

14. Defendant Jo-Ann is a limited liability company organized under the laws of Ohio with a principal place of business at 5555 Darrow Road, Hudson, Ohio 44236. Jo-Ann does systematic business in New York and in this District; operates retail locations in New York and in this District; and has transacted business in New York and contracted to supply goods or services in New York in connection with the matters giving rise to this lawsuit.

15. Defendant Purplethum is a limited liability company organized under the laws of New York with a principal place of business at 110 West 34th Street, Suite 1208, New York, New York, 10001. Purplethum does systematic business in New York and in this District and has transacted business in New York and contracted to supply goods or services in New York in connection with the matters giving rise to this lawsuit.

16. Ms. Ghahremani is an independent artist residing in San Diego, California. Ms. Ghahremani owns the copyright in the Original Design and has satisfied the requirements of 17 U.S.C. § 411(a) prior to filing this Complaint.

17. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendants do business, may be found, and are subject to personal jurisdiction here, and because a substantial part of the events or omissions giving rise to the claims occurred here.

## FACTUAL BACKGROUND

### I. Plaintiff's Original Creation

18. Ms. Ghahremani is an independent artist who creates and sells artwork and products featuring her original illustrations through her website at boygirlparty.com, through the ecommerce platform Etsy, and through various third-party retailers.

19. Ms. Ghahremani created the Original Design in 2015 and began selling enamel pins featuring the Original Design in January 2016. On October 11, 2016, Ms. Ghahremani obtained Copyright Registration No. VA0002048728 for an embodiment of the Original Design. A copy of the copyright registration certificate is attached as Exhibit A.

20. Copyright management information consisting of, *inter alia*, the Boygirlparty brand name and the "©" copyright symbol is included on the back of each pin featuring the Original Design and its packaging. This information, which is created and placed on the pin and packaging via a digital and technological process involving computer software and printing machinery, serves to identify Ms. Ghahremani, through Boygirlparty, as the author and copyright owner of the Original Design.

### II. Defendants' Willful Infringement and Unlawful Conduct

21. Defendant Purplethum copied the Original Design to make the Infringing Design, which it then supplied to Defendant Jo-Ann to manufacture and sell the Infringing Fabrics. A comparison of the Original Design and a detail of the Infringing Design is shown below.

| Original Design | Infringing Design Details |
|---|---|
|  |   |

Overlay of Original Design and Infringing Design Detail



22. In the process of unlawfully creating, copying, and distributing the Infringing Design without the consent, permission, or authority of Ms. Ghahremani, Purplethum intentionally removed the copyright management information that Ms. Ghahremani conveyed in connection with copies of the Original Design.

23. In April 2018, Ms. Ghahremani discovered that Jo-Ann was selling the Infringing Fabrics in its stores and on its website at joann.com.

24. On April 18, 2018, counsel for Ms. Ghahremani contacted Jo-Ann regarding its display and sale of the unauthorized copies of the Original Design and demanded that Jo-Ann immediately stop selling and displaying the Infringing Fabrics.

25. Despite receiving notice of Ms. Ghahremani's copyright claims in the Original Design, Jo-Ann continued to sell the Infringing Fabrics in its stores and via its website. Even as of

the date of this filing, both of the Infringing Fabrics are still available for sale in Jo-Ann's stores and on its website.

26. Ms. Ghahremani has been significantly damaged by these unlawful uses of the Original Design, and has been forced to file this Action in order to protect her rights and livelihood.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, *et seq*.
### (Against All Defendants)

27. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 26 above, and incorporates them herein by this reference.

28. Plaintiff is the legal owner of all right, title, and interest in the Original Design. Plaintiff is the legal owner of the copyright in that work.

29. Defendants have copied, reproduced, distributed, adapted, publicly displayed and sold the Original Design without the consent, permission, or authority of Plaintiff.

30. Defendants' conduct constitutes infringement of Plaintiff's copyright and exclusive rights in violation of sections 106 and 501 of the Copyright Act.

31. Defendants' acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Plaintiff.

32. As a result of the infringement that began in and stemmed from the United States, Plaintiff has and will continue to suffer damages in the United States and around the world.

33. As a result of the infringement that began in and stemmed from the United States, Defendants have unlawfully profited in the United States and around the world.

34. Plaintiff is entitled to her actual damages and Defendants' profits related to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

35. Alternatively, Plaintiff is entitled to select an award of statutory damages, pursuant to 17 U.S.C. § 504.

## SECOND CLAIM FOR RELIEF
## <u>REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION - 17 U.S.C. § 1202(b)</u>
### (Against All Defendants)

36. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 35 above, and incorporates them herein by this reference.

37. Each pin featuring the Original Design includes conspicuous copyright management information on the back of the pin and on the product packaging, which is conveyed in connection with each pin and protected under 17 U.S.C. § 1202(b).

38. In the process of unlawfully copying, reproducing, distributing, adapting, and/or publicly displaying the Infringing Design without the consent, permission, or authority of Plaintiff, Defendant Purplethum intentionally removed Plaintiff's copyright management information from the Original Design.

39. Defendant Purplethum created and sold unauthorized copies of the Original Design with the intent and knowledge that copyright management information had been intentionally removed therefrom.

40. Defendant Purplethum intentionally removed Plaintiff's copyright management information and distributed the Infringing Design with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

41. By continuing to sell the Infringing Fabrics unabated for months after receiving notice of Plaintiff's copyright claims, Defendant Jo-Ann sold unauthorized copies of the Original Design with the intent and knowledge that copyright management information had been intentionally removed therefrom.

42. By continuing to sell the Infringing Fabrics unabated for months after receiving notice of Plaintiff's copyright claims, Defendant Jo-Ann distributed the Infringing Fabrics with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

43. Defendants engaged in these activities without the consent or authorization of Plaintiff.

44. Plaintiff has been injured as a result of these violations of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, impounding of the Infringing Fabrics, damages, costs, and attorneys' fees. Pursuant to 17 U.S.C. § 1203(c)(3), Plaintiff may also elect to recover statutory damages of up to $25,000 for each violation of 17 U.S.C. § 1202(b).

**WHEREFORE**, Plaintiff demands judgment as follows:

1. Awarding Plaintiff her actual damages in connection with Defendants' willful copyright infringement;

2. Awarding Plaintiff all of Defendants' disgorged worldwide profits from sales of the Infringing Fabrics;

3. Awarding Plaintiff statutory damages, attorneys' fees, and costs under the Copyright Act;

4. Awarding Plaintiff $25,000 per violation of 17 U.S.C. § 1202(b), ordering the impounding of the Infringing Fabrics under 17 U.S.C. § 1203, and awarding Plaintiff's costs and attorneys' fees under 17 U.S.C. § 1203;

5. Awarding Plaintiff interest, including prejudgment interest, on the foregoing sums; and

6.   Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:   New York, New York  
        July 25, 2018

Respectfully Submitted,

KUSHNIRSKY GERBER PLLC

By: _____  
Andrew Gerber (AG 0779)  
Penelope Fisher-Birch (PFB 8019)  
andrew@kgfirm.com  
penelope@kgfirm.com  
27 Union Square West, Suite 301  
New York, NY 10003  
(212) 882-1320  
*Counsel for Susan Ghahremani*

# Exhibit A

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**
**VA 2-048-728**
**Effective Date of Registration:**
October 11, 2016

### Title

Title of Work: Boygirlparty Black Cat

### Completion/Publication

Year of Completion: 2015
Date of 1st Publication: January 29, 2016
Nation of 1st Publication: United States

### Author

- Author: Susan Ghahremani
  Author Created: jewelry design, 2-D artwork
  Citizen of: United States
  Year Born: 1980

### Copyright Claimant

Copyright Claimant: Susan Ghahremani
P.O. Box 16616, San Diego, CA, 92176, United States

### Rights and Permissions

Organization Name: Kushnirsky Gerber PLLC
Name: Ilya Kushnirsky
Email: ilya@kgfirm.com
Telephone: (212)882-1320
Address: 27 Union Square West
Suite 301
New York, NY 10003 United States

### Certification

Name: Ilya Kushnirsky
Date: October 11, 2016

Page 1 of 2